Sullivan, J.
This action of contract is to recover the sum of twenty-five dollars ($25.00), a down payment made by the plaintiff who purchased of the defendant a used automobile for the sum of fifty dollars ($50.00) and the plaintiff in his declaration states that the sale to him was in violation of Chapter 348 of the Acts of 1935 to be known as G. L. (Ter. Ed.) Ch. 255, § 13 A.
The defendant in his answer, in addition to his general denial alleges that the damage to the automobile was occasioned by the plaintiff’s own negligence; and the defendant further claimed a set-off in which he alleges that the defendant in set-off owed him the balance due on the sale, i. e. twenty-five dollars ($25.00).
Certain documents were shown the trial judge during a conference at the bench in which counsel for both parties participated.
Thereafter the case was tried and there was evidence tending to show that the plaintiff bought a used Willys Sedan “as is” in the sum of fifty dollars ($50.00) upon which he made a partial payment in the sum of twenty-five dollars ($25.00); that he drove the car but one and one-half miles when it broke down; that it was towed to the defendant’s garage in East Boston by the defendant or its agents.
The defendant filed the following requests, eleven in number:
1. The evidence warrants a finding that the plaintiff and the defendant entered into a contract for the purchase and sale of a motor vehicle “as is” in the sum of fifty dollars.
2. The evidence warrants a finding that the contract entered into between the plaintiff and the defendant was a valid contract.
*162 3. The evidence warrants a finding that the defendant fulfilled its part of the contract by allowing the plaintiff to take the car.
4. The evidence warrants a finding that the plaintiff has not fulfilled his part of the contract by failing to pay for the car.
5. Sale of the car “as is” carries no express or implied warranties as to fitness.
6. The evidence warrants a finding that the car was sold to the plaintiff without express or implied warranties.
7. The evidence warrants a finding that the plaintiff has not sustained his burden of proof.
8. If the Court finds that the plaintiff and the defendant entered into a written contract, and the suit is brought by the plaintiff on the written contract, but the written contract is not offered in evidence then the Court must find that the plaintiff has not sustained his burden of proof.
9. If the Court finds that the plaintiff and the defendant entered into a written contract and suit is brought on the written contract but the written contract is not offered as evidence then the. Court must take the contract as the oral evidence presents it.
10. Documentary evidence not introduced as evidence at a trial does not become evidence by virtue of the fact that the documentary evidence was shown to the Court at a preliminary hearing preceding the trial.
11. There is a variance between the plaintiff’s declaration and the proof in that the plaintiff declares upon a written conditional sales form or contract and there is no evidence of any conditional sales form or contract.
Bequests number 1, 5, and 6 were allowed; numbers 2, 7, 8, and 11 denied; numbers 3, 4, and 9 denied according to the trial judge because there was a “question of fact” involved; while number 10 was denied as “Contract ‘as is’ introduced in evidence.”
*163 There was a finding for the plaintiff in the snm of twenty-five dollars ($25.00), and for the defendant in set-off.
The contract involved is a written one, the first page of which provides for the sale of a “Willys Sedan as is” in the sum of fifty dollars ($50.00) upon which a payment of twenty-five dollars ($25.00) has been made leaving a balance of twenty-five dollars ($25.00) due, to. be paid by a first note August 4th and the automobile was delivered July 27th, 1936.
The printed form further states that the front and back of this “order” comprises “the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into,” and that the purchaser has read the printed matter on the back and agrees to it as part of the order as if it were printed above his signature. The back of the order which is in fine print also, purports to show the sale of a new Chevrolet automobile and specifically states that: — “This warranty does not apply to second-hand cars or cars not mentioned in the above order.” It appears from the context of the order, reading it in its entirety, that the terms of it relate to a sale and purchase of a new Chevrolet car, though that portion of it that is typewritten is for ¡a “Willys Sedan to be delivered ‘as is.’ ” It is to be noted that upon the first page of this order, so termed, that in print the following appears: “Please enter my order for one Chevrolet” — and on the following line, “Model” and typewritten “Willys Sedan.”
There is no warranty, express or implied as to the Willys Sedan — it was sold “as is.”
Request number 2 should have been allowed as a valid contract was entered into by the parties. Request number 4 should have been allowed as “the plaintiff has not fulfilled his part of the contract by failing to pay for the car.”
*164 It was prejudicial error to deny these requests. It is unnecessary to pass on the other requests — they have been examined and no useful purpose is served by commenting thereon. The finding for the plaintiff and the defendant in set-off is vacated.
A finding for the defendant and the plaintiff in set-off will be entered.